UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAYMOND A. MACDONALD,

      Plaintiff,                      CIVIL ACTION NO. 10-11646

      v.                                  DISTRICT JUDGE JOHN FEIKENS

ROBERT L. AGACINSKI,             MAGISTRATE JUDGE VIRGINIA M. MORGAN
MICHIGAN ATTORNEY GRIEVANCE
COMMISSION, ATTORNEY DISCIPLINE
BOARD, WILLIAM J. DANHOFF,
TRICOUNTY HEARING PANEL #22,
PAULA A. TALARICO, LAWRENCE C.
BURGESS, C. DAVID MILLER II,
PATRICK K. MCGLINN, and PATRICIA
REED,

      Defendants.
_____/

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTIONS TO DISMISS (D/E #3, #4, #8)**

**I. Introduction**

      This matter comes before the court on defendants Attorney Discipline Board, Danhoff,

Tricounty Hearing Panel #22. Talarico, Burgess, and Miller's Motion to Dismiss or, in the

alternative, for Summary Judgment (D/E #3), defendants Agacinski, Michigan Attorney

Grievance Commission, and McGlinn's Motion to Dismiss (D/E #4), and defendant Reed's

Motion to Dismiss (D/E #8). Plaintiff filed responses in opposition to those motions (D/E #10,

#12, #13). On June 30, 2010, this court heard oral arguments on the motions. For the reasons discussed below, this court recommends that defendants' motions be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

## II. Background

### A. Complaint

On March 22, 2010, plaintiff filed the complaint in this matter pursuant to 42 U.S.C. § 1983 (D/E #1). According to that complaint, plaintiff is an attorney while defendants Attorney Grievance Commissions and Attorney Discipline Board are nominal agencies created by the Michigan Supreme Court to be the adjudicative arm of the Michigan Supreme Court. (Complaint, ¶¶ 1-3) The individual defendants are members of those agencies, with the exception of defendant Reed. (Complaint, ¶¶ 2-6) Defendant Reed is alleged to have been a witness during the disciplinary proceedings initiated against plaintiff. (Complaint, ¶ 6) At the time the complaint was filed, plaintiff was the subject of attorney disciplinary proceedings involving defendants. In the complaint, plaintiff alleges that defendants violated his constitutional right to due process during the course of those disciplinary process.[1] Plaintiff seeks to enjoin the resolution of the attorney discipline process, money damages, and declaratory relief.

---

[1] Following the filing of the complaint, on or about June 21, 2010, plaintiff was suspended from the practice of law for a period of two years.

**B. Motions Before Court**

On May 13, 2010, defendants Attorney Discipline Board, Danhoff, Tricounty Hearing Panel #22, Talarico, Burgress and Miller filed a Motion to Dismiss or, alternatively, for Summary Judgment (D/E#3). In that motion, those defendants argue that plaintiff's claims against the Attorney Discipline Board and its members in their official capacities are barred by the Eleventh Amendment to the United States Constitution. Defendants also argue that plaintiff's claims are barred by the doctrine of absolute judicial immunity. Defendants further argue that the court should abstain from exercising jurisdiction over this case given the ongoing state proceedings. Additionally, defendants argue that plaintiff lacks standing to assert his claims as they are not ripe for review.

On June 28, 2010, plaintiff filed a response to defendants' motion (D/E #13). In that response, plaintiff argues that the disciplinary proceedings can only be considered quasi-judicial at best and that the defendants conducting those proceedings have no official capacity. Plaintiff also argues that the court should not abstain from exercising jurisdiction. Plaintiff further argues that his claims are now ripe given that Hearing Panel #22 issued a judgment after plaintiff field his complaint. Lastly, plaintiff asserts that, even if the rules relied upon by defendants are valid, those rules have not been followed.

On May 14, 2010, defendants Attorney Grievance Commission, Agacinski, and McGlinn filed a Motion to Dismiss (D/E/ #4). In that motion, those defendants also argue that the court should abstain from exercising jurisdiction over this action given the ongoing state proceedings.

On June 11, 2010, plaintiff filed a response to that motion to dismiss (D/E #14). In that response, plaintiff again argues that there is no legitimate state authority behind the misconduct proceedings and that, consequently, there are no ongoing state proceedings.

On June 7, 2010, defendant Reed filed a Motion to Dismiss (D/E #8). In that motion, Reed argues that plaintiff failed to state a claim against Reed in the complaint and, to the extent plaintiff stated such a claim, Reed has absolute immunity as testifying witness.

On June 23, 2010, plaintiff filed a response to Reed's motion to dismiss (D/E #12). In that response, plaintiff argues that Reed was more than just a witness in the other court proceedings and that, consequently, she is not entitled to immunity.

### III. Standard of Review

Defendants all move to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action ..." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570, 127 S.Ct. 1955, 1964-65, 1974, 167 L.Ed.2d 929 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" Iqbal, 129 U.S. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 U.S. at 1949 (citing Twombly, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. Iqbal, 129 U.S. at 1949. See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). This presumption, however, is not applicable to legal conclusions. Iqbal, 129 S.Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 U.S. at 1949 (citing Twombly, 550 U.S. at 555).[2]

**IV. Discussion**

As described above, defendants make a number of arguments asserting that plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. Each of those arguments will be discussed in turn and, for the reasons discussed below, this court recommends that the district court either (1) abstain from hearing this action and dismiss

---

[2]Defendants Attorney Discipline Board, Danhoff, Tricounty Hearing Panel #22. Talarico, Burgess, and Miller also move, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(b). However, they failed to make any such arguments in their brief and appear to only seek dismissal of plaintiff's complaint on the basis that plaintiff failed to state a claim upon which relief can be granted.

plaintiff's complaint without prejudice because of the ongoing state proceedings; or (2) dismiss plaintiff's complaint without prejudice because of plaintiff's lack of standing to bring this action at this time.

**A. Abstention**

Defendants first argue that the court should abstain from hearing this matter because important state interests pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In Younger, the Supreme Court held that absent unusual circumstances, federal courts should not interfere with ongoing state criminal prosecutions. The Sixth Circuit has mandated three requirements for a district court to properly invoke Younger abstention: "1) there must be on-going state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." Squire v. Coughlan, 469 F.3d 551, 555 (6th Cir. 2006) (quotation marks and citation omitted). "If these prerequisites are satisfied and 'so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain.'" American Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 332 -333 (6th Cir. 2007) (quoting Squire, 469 F.3d at 555 (quoting Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982))).

Here, the are ongoing state judicial proceedings and the first requirement for Younger abstention is met. The Supreme Court has previously held that state bar disciplinary proceedings can be considered "judicial in nature" despite the lack of a formal government action. Middlesex,

457 U.S. at 425-27. In Middlesex, the Supreme Court determined that the discipline proceedings at issue were "judicial in nature" and thus "warrant[ed] federal-court deference" because the New Jersey Supreme Court regarded the disciplinary hearings as judicial proceedings. Middlesex, 457 U.S. at 433. The Supreme Court's view stemmed from the fact that Article 6, Section 2, Paragraph 3 of the New Jersey State Constitution vested the power to discipline members of the state bar in the state supreme court, and the local New Jersey "District Ethics Committees" act as the disciplinary arm of that court. Middlesex, 457 U.S. at 425, 102 S.Ct. 2515. Thus, to file a complaint with the local ethics committee was, in effect, the same as filing a complaint with the New Jersey Supreme Court. Middlesex, 457 U.S. at 433 (citing Toft v. Ketchum, 18 N.J. 280, 113 A.2d 671, 673-74 (1955)).

Moreover, the Sixth Circuit has previously held that investigations by disciplinary counsel into suspected attorney misconduct, and concomitant disciplinary proceedings, are adjudicative functions for purposes of Younger analysis. See American Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 333 n. 3 (6th Cir. 2007) (noting that Ohio state bar proceedings are judicial in nature); Squire, 469 F.3d at 556 (holding that investigations by disciplinary counsel into suspected attorney misconduct, and concomitant disciplinary proceedings are adjudicative functions for purposes of Younger analysis in context of Disciplinary Counsel for the Supreme Court of Ohio); Danner v. Board of Professional

Responsibility of Tennessee Supreme Court, 277 Fed. Appx. 575, 578-579 (6th Cir. 2008) (similarly holding that the Tennessee disciplinary proceedings at issue are judicial in nature).

With respect to Michigan state proceedings, the Sixth Circuit has also specifically held that state disciplinary procedures against an attorney are "judicial in nature for purposes of Younger abstention" Fieger v. Thomas, 74 F.3d 740, 744 (6th Cir. 1996). In Fieger, the plaintiff filed suit in federal district court seeking to enjoin the Michigan Attorney Grievance Commission from prosecuting a disciplinary complaint filed against him. The district court did not abstain and the defendants appealed. With respect to the first requirement for Younger abstention, the plaintiff argued that Michigan attorney disciplinary proceedings are administrative in nature. Fieger, 74 F.3d at 745. The Sixth Circuit disagreed and , relying on Fieger, disagreed and concluded that Michigan attorney disciplinary proceedings are "judicial in nature for purposes of Younger abstention." Fieger, 74 F.3d at 744.

Likewise, the Sixth Circuit made a similar finding in an earlier case involving plaintiff. See MacDonald v. Gaskin, 114 F.3d 1188 (table),1997 WL 271740, (6th Cir. 1997). In that case, plaintiff alleged that filed suit in federal court against the then-current and former Grievance Administrators, the AGC, the ADB, individual members of the ADB, and the individual members of the ADB hearing panel assigned to the proceedings involving MacDonald, seeking injunctive, declaratory, and monetary relief. Plaintiff claimed violations of due process under the United States Constitution, and cited 42 U.S.C. § 1983. MacDonald, 1997

WL 271740 at *1. The District Court held that it was required to abstain from deciding the issues raised by MacDonald, under the doctrine of Younger, as applied in Middlesex and Fieger, and dismissed the matter. MacDonald, 1997 WL 271740 at *1. Plaintiff appealed, but the Sixth Circuit found that Fieger was dispositive of his claim. MacDonald, 1997 WL 271740 at *2. As to the first requirement for Younger abstention, the Sixth Circuit particularly noted how Michigan's attorney discipline proceedings were comparable to the New Jersey attorney discipline proceedings found to be judicial in Middlesex. MacDonald, 1997 WL 271740 at *2.

In addition to being state proceedings, the proceedings in this case are also "ongoing" for purposes of Younger abstention. In conducting that inquiry, the Sixth Circuit looks to the day of the federal complaint's filing and, if the state proceedings were pending at the time of the filing, then the Sixth Circuit will consider the matter ongoing for purposes of the first Younger question. Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003) (citing Zalman v. Armstrong, 802 F.2d 199, 204 (6th Cir.1986); Danner v. Board of Professional Responsibility of Tennessee Supreme Court, 277 Fed. Appx. 575, 579 (6th Cir. 2008). Moreover, the action "remains pending until a litigant has exhausted his state appellate remedies." Loch, 337 F.3d at 578 (internal citation omitted). Here, plaintiff filed his federal suit while the state proceedings were ongoing and, at the time he filed his federal complaint, punishment had not been imposed and

plaintiff had yet to avail himself of available appellate remedies. Therefore, the state disciplinary proceedings were ongoing and the first element for Younger abstention is satisfied.

Similarly, this case clearly meets the second requirement for Younger abstention, *i.e.* that the ongoing state proceedings implicate important state interests. With respect to the "important state interest prong," the Sixth Circuit has concluded that:

> Regulating lawyers' conduct is a fundamentally important state interest. Michigan, like many other states, vests exclusive responsibility for regulation of the bar with its Supreme Court. Mich. Const. art. VI, § 5 ... Because the administration of justice in Michigan and the entire Michigan judicial system is dependant upon the ethical conduct and professional proficiency of Michigan lawyers, the State has an important interest in the pending State proceedings.

Fieger, 74 F.3d at 745 (internal citations omitted). See also Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975) (noting that the regulation of lawyers is of "especially great" interest to the state, as lawyers are "essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'") (quoting Sperry v. Florida ex rel. Florida Bar, 373 U.S. 379, 383, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963)). Therefore, the second requirement for Younger abstention has been satisfied.

Additionally, plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges and, consequently, the third and final requirement for Younger abstention is also satisfied in this case. "A plaintiff must have 'an adequate opportunity in the

state proceedings to raise constitutional challenges' in order to satisfy the third prong of the Younger abstention test.'" Squire, 469 F.3d at 556 (quoting Berger, 983 F.2d at 723). "Abstention is appropriate 'unless state law clearly bars the interposition of the constitutional claims.'" Squire, 469 F.3d at 556 (quoting Fieger, 74 F.3d at 745). The burden is on the plaintiff to show that state law barred presentation of its constitutional claims. American Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 334 (6th Cir. 2007). Here, while plaintiff asserts that defendants ignored his claims and that the Michigan Supreme Court never chooses to hear claims such as his, the Sixth Circuit has concluded that the "Michigan lawyer discipline proceedings afford an adequate opportunity to raise constitutional challenges." Fieger, 74 F.3d at 746. Moreover, the Sixth Circuit has stated that it is "confident that the Michigan Supreme Court takes constitutional challenges to its regulations very seriously." Fieger, 74 F.3d at 749. Thus, the third and final requirement for Younger abstention is also satisfied.

The Sixth Circuit's decisions in Fieger and MacDonald mandate abstention in this action. The attorney disciplinary proceedings at issue in this case are ongoing state judicial proceedings, those proceedings implicate an important state interest, and provide an opportunity to raise constitutional challenges. All the requirements for Younger abstention have been clearly met and this court should abstain from hearing this action. "A district court deciding to abstain under Younger has the option of either dismissing the case without prejudice or holding the case in abeyance." Eidson v. State of Tennessee Dept. of Children's Services, 510 F.3d 631, 638 (6th

Cir. 2007) (quoting Coles v. Granville, 448 F.3d 853, 866 (6th Cir. 2006).[3] In Fieger, the Sixth Circuit remanded the action to the district court with instructions that the complaint be dismissed without prejudice. Fieger, 74 F.3d at 750-751. Moreover, those cases staying an action are primarily concerned with the running of the statute of limitations. However, as discussed below, plaintiff's injury had not yet occurred at the time of his filing and a statute of limitations does not begin to run until a cause of action has accrued. Given the ongoing state proceedings and plaintiff's opportunity to raise his constitutional challenges in the ongoing state court proceedings, as well as the lack of injury and standing at the time of filing, this court finds it is more appropriate to dismiss the plaintiff's claims without prejudice. Therefore, this court recommends that plaintiff's claims be dismissed without prejudice.

---

[3]See, *e.g.*, Moore v. Sims, 442 U.S. 415, 418-419, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)(holding that abstention was proper and remanding with instructions to dismiss the complaint seeking injunctive and declaratory relief); Deakins v. Monaghan, 484 U.S. 193, 202, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("even if the Younger doctrine requires abstention ..., the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); Gibson v. Berryhill, 411 U.S. 564, 577, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) ("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir.1998) (holding that when abstaining from damages claims, the proper course of action is a stay, rather than dismissal); Zalman v. Armstrong, 802 F.2d 199, 207 n. 11 (6th Cir. 1986) (stating that, where Younger abstention is appropriate, it requires dismissal of those claims without prejudice).

**B. Standing**

The filing of plaintiff's complaint prior to any punishment also affects whether or not he had standing to bring this action. Constitutional standing under Article III has three elements. White v. United States, 601 F.3d 545, 551 (6th Cir. 2010) (citation omitted). "First, the plaintiff must have suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." White, 601 F.3d at 551 (internal quotation omitted). "Second, the injury must be 'fairly traceable to the challenged action of the defendant.'" Id. "Third, it must be likely that the injury will be 'redressed by a favorable decision.'" Id.

"[T]o obtain standing, a plaintiff must have a redressable injury at the time of the filing of the complaint." Morrison v. Board of Educ. of Boyd County, 521 F.3d 602, 622 (6th Cir. 2008). See also Cleveland Branch, N.A.A.C.P. v. City of Parma, OH, 263 F.3d 513, 526 (6th Cir. 2001) ("the court must determine whether standing exists at the time of the filing of the complaint only"). Here, plaintiff filed this action while the disciplinary proceedings were ongoing and prior to any punishment or appeals of that punishment. Plaintiff notes that, after the filing of his complaint, he was suspended from the practice of law for two years. However, that subsequent suspension was not a redressable injury at the time of the filing of the complaint and plaintiff therefore lacked standing to bring this action. Accordingly, plaintiff's complaint must be dismissed without prejudice.

### C. Other Arguments

Given the clear grounds for Younger abstention and plaintiff's lack of standing at the time he filed the complaint, defendants' other arguments need not be discussed in much detail. However, to the extent that defendants argue that plaintiff's claims against the ADB and its board members in their official capacities are barred by the Eleventh Amendment, this court would note that the one case involving attorney disciplinary proceedings cited by defendants, Patmon v. Michigan Supreme Court, 224 F.3d 504 (6th Cir. 2000) actually expressly declined to rule on Eleventh Amendment Immunity. Patmon, 224 F. 3d at 510. Similarly, the case defendants rely on in support of their judicial immunity argument, Fieger v. Thomas, 74 F. 3d 740 (6th Cir. 1996), fails to support that argument. In Fieger, the Sixth Circuit only held that Michigan attorney disciplinary proceedings are "judicial in nature for purposes of Younger abstention." Fieger, 74 F.3d at 744. On the other hand, defendant Reed's individual argument provides an alternative basis for dismissing any claim against her. Plaintiff's complaint merely describes Reed as a witness and it does not appear to assert any claim against her. Plaintiff did go on at length in his response and during oral argument about why Reed is more than just a witness, but those allegations are absent from the complaint. Moreover, those allegations appear to involve the underlying state action rather than the attorney disciplinary proceedings at issues here.[4]

---

[4]Defendant Reed also seeks sanctions pursuant to the inherent power of the court, but this court does not recommend that sanctions be awarded at this time.

Regardless of the merits of specific arguments, made by some defendants, the general arguments regarding <u>Younger</u> abstention and standing compel dismissal in this case. Therefore, this court recommends that defendants' motions to dismiss be granted and this case closed.

**IV. Conclusion**

For the reasons discussed above, this court recommends that defendants' motions be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: August 6, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on August 6, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan